USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/4/20

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FISHER SCIENTIFIC COMPANY L.L.C. and MICROGENICS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> ORTHO-CLINICAL DIAGNOSTICS, INC., <br><br> Defendant. | Case No. 1:18-CV-03088-ALC-BCM |

## STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT

The parties to this Stipulated Protective Order and Clawback Agreement have agreed to the terms of this Order[1]; accordingly, it is ORDERED:

### TREATMENT OF CONFIDENTIAL MATERIALS

**1. Scope.** All documents produced in the course of discovery, including responses to discovery requests, deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter "documents"), shall be subject to this Order concerning confidential information as set forth below.

**2. Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the word "**CONFIDENTIAL**" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or

---

[1] This Order is subject to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of New York.

1

disclosure of the documents unless the parties otherwise agree in writing. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any party that inadvertently produces a confidential document without affixing a "CONFIDENTIAL" designation may subsequently designate that document as CONFIDENTIAL, so long as the subsequent designation occurs prior to the placement of that document in the public record.

3. **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL but only after review of the documents by an attorney who has in good faith determined that the documents contain information protected from disclosure by statute, that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercially sensitive information, and/or that is subject to a non-disclosure agreement with a third party. Information or documents that are available in the public sector may not be designated as CONFIDENTIAL.

4. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL at the time of the deposition. Deposition testimony so designated shall remain CONFIDENTIAL until ten (10) days after delivery of the transcript by the court reporter. Within ten (10) days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL. Thereafter, those portions so designated shall be protected as CONFIDENTIAL pending objection under the terms of this Order. The failure to serve a Notice of Designation shall waive the CONFIDENTIAL designation made on the record of the

deposition.

**5. Protection of Confidential Material.**

**(a) General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

**(1) Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

**(2) Parties.** Parties and employees of a party to this Order;

**(3) Authors and Recipients.** As to a document, its author, its addressees, and any other person indicated on the face of the document as having received a copy;

**(4) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(5) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(6) Consultants and Experts.** Consultants, accountants, investigators, or experts

(hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(7) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(8) Others as Required By Law.** If a party is served with a subpoena seeking copies of documents such party has obtained through discovery that are marked CONFIDENTIAL, such party may produce such documents in order to comply with the subpoena; <u>provided</u>, <u>however</u>, that a party served with such subpoena will promptly give notice to the party that produced the subject documents so that the producing party will have an opportunity to oppose the subpoena.

**(c) Control of Documents.** Counsel for the parties shall afford documents designated as CONFIDENTIAL pursuant to the terms of this Order the same degree of protection with which the recipient protects its own confidential information and shall make reasonable efforts to prevent unauthorized disclosure of same. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of two years following the closing or dismissal of this action.

**(d) Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of

such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e) Non-Parties.** This provision for treatment of confidential information shall also be extended to any document productions made by non-parties, provided such extension is reasonable and reciprocal.

6. **Filing of CONFIDENTIAL Documents Under Seal.** Before any document marked as CONFIDENTIAL is filed with the Court, the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure. The filing party shall first consult with the party which originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, a redacted document may be filed with the Court. If the parties agree on filing a redacted document, the designating party shall have the burden of providing a redacted version of the document to be filed. Where agreement on redaction is not possible or adequate, ~~the document marked CONFIDENTIAL and/or any portion of the papers filed with the Court that disclose the material designated as CONFIDENTIAL, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.~~ **\*\* see page 10**

7. **No Greater Protection of Specific Documents.** No party may withhold information from discovery, other than information protected by attorney-client privilege or the work-product doctrine, on the ground that it requires protection greater than that afforded by this

Order unless the party moves for an order providing such special protection.

    **8.    Challenges by a Party to Designation as Confidential.** Any designation of a document as CONFIDENTIAL is subject to challenge by any party or non-party (hereinafter "party"). The following procedure shall apply to any such challenge.

    **(a) Objection to Confidentiality.** If a party receiving any document designated as CONFIDENTIAL seeks to challenge that designation, the receiving party may serve upon the designating party a letter objecting to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL documents to which objection has been made shall maintain their designation until designated otherwise by waiver, agreement or Court order. As to any document subject to this Order, the parties reserve the right to object to a designation throughout the duration of this case.

    **(b) Obligation to Meet and Confer.** The objecting party and the party which designated the documents to which objection has been made shall have ten (10) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

    **(c) Dispute Resolution.** In the absence of agreement as to any documents designated CONFIDENTIAL, the designating party shall have ten (10) days from the meet and confer to request an informal discovery conference with the Court by letter-motion pursuant to Local Rule 37.2. If the request for an informal discovery conference is

denied or the dispute is not resolved at the conference, the designating party shall have (10) days to file a formal motion to retain the CONFIDENTIAL designation. The moving party has the burden to show good cause for the CONFIDENTIAL designation. The failure to file the motion waives the CONFIDENTIAL designation of documents to which objection was made.

9. **Action by the Court.** Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** A party which intends to present or which anticipates that another party may present at trial CONFIDENTIAL documents or information derived therefrom shall identify the issue, not the information, in the pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Return of CONFIDENTIAL Documents.** Within 90 days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing

party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents. Any disclosure of CONFIDENTIAL information by counsel, inadvertent or otherwise, shall not be grounds for or give rise to any cause of action against counsel or their law firms.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**TREATMENT OF PRIVILEGED MATERIALS AND CLAWBACK AGREEMENT**

13. **Privilege Logs.**

**(a) Production.** Except as otherwise agreed, each party will produce a privilege log within 60 days of its withholding of any responsive electronically stored information or other documents, pursuant to Fed. R. of Civ. P. 26(b)(5).

**(b) Limitations.** To avoid undue burden and expense, any document generated or received on or after February 1, 2018 reflecting privileged communications with or work product of the parties' outside counsel may be withheld from production without being listed on a

privilege log, absent further agreement(s) or Court order(s) specifying otherwise. Further, where multiple versions of a thread of email communications have been withheld from production, the most complete version of the thread may be described on the privilege log, while the less complete versions of the same thread may be omitted, so long as an attorney has determined in good faith that each version of the thread that was been withheld is protected by the attorney-client privilege and/or the work product doctrine in its own right.

    14.    **Clawback Agreement.** The inadvertent production of privileged documents shall not be deemed a waiver of the privilege.

    **(a) Notification.** If a producing party discovers that materials protected by the attorney-client privilege, the work product doctrine or any other applicable protection have been inadvertently produced, counsel for the producing party shall promptly give notice to counsel for the receiving party. Conversely, if a receiving party reasonably believes that materials protected by the attorney-client privilege, the work product doctrine, or any other applicable protection have been inadvertently produced, the receiving party shall promptly give notice to counsel for the producing party.

    **(b) Non-Waiver.** The receiving party shall then take prompt steps to ensure that all copies of such material are destroyed or returned to the producing party. The receiving party may afterward contest any applicable claim of privilege, work product or other protection as if the materials had not been produced, but shall not assert that a waiver has occurred as a result of the production. Any motion contesting any applicable claim of privilege, work product or other protection must be filed under seal. The disclosing party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed materials. Nothing in this Order shall limit the right of any party to request an

in camera review of the inadvertently disclosed materials.

**(c) Non-Parties.** This provision for non-waiver of privilege upon inadvertent production shall also be extended to any document productions made by non-parties, provided such extension is reasonable and reciprocal.

**(d) Rule 502.** By operation of this Order, the parties are specifically afforded the protections of Fed. R. Evid. 502 (d) and (e).

15. **Order Subject to Modification.** This Order shall be subject to modification by the Court or on request of a party or any other person with standing concerning its subject matter.

16. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED: **as modified\*\***

**\*\* any party may request leave to file the confidential document and/or any portion of the papers that disclose the confidential material under seal, in accordance with the individual practices of the judge to which the filing is directed. The parties will use their best efforts to minimize such requests.**

*[signature: Barbara Moses]*

**Barbara Moses, U.S.M.J.**
**February 4, 2020**
AGREED TO ON MAY 22, 2019 BY:

| | |
|---|---|
| /s/ Allison Huppé | /s/ Marie L. Mathews |
| Joseph L. Demeo (*pro hac vice*) | Adam K. Derman (AD9241) |
| Allison Huppé (*pro hac vice*) | Marie L. Mathews (ML0275) |
| Elizabeth Brookhiser (*pro hac vice*) | Chiesa Shahinian & Giantomasi PC |
| Demeo LLP | 11 Times Square – 31st Floor |
| 200 State Street | New York, NY 10036 |
| Boston, MA 02109 | Tel: (973) 530-2027 |
| Tel: (617) 263-2600 | Email: aderman@csglaw.com |
| Email: jdemeo@demeolllp.com | mmathews@csglaw.com |
| ahuppe@demeollp.com | |
| ebrookhiser@demeollp.com | |
| | *Attorneys for Defendant/Counterclaim Plaintiff Ortho-Clinical Diagnostics, Inc.* |
| *Attorneys for Plaintiffs/Counterclaim Defendants Fisher Scientific Company L.L.C. and Microgenics Corporation* | |

**ATTACHMENT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FISHER SCIENTIFIC COMPANY L.L.C. and MICROGENICS CORPORATION, </br></br> Plaintiffs, </br></br> v. </br></br> ORTHO-CLINICAL DIAGNOSTICS, INC., </br></br> Defendant. | Case No. 1:18-CV-03088-ALC |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

This undersigned hereby acknowledges that he/she has read the Stipulated Protective Order and Clawback Agreement dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters related to the Stipulated Protective Order and Clawback Agreement and understands that its terms obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that a violation of the Stipulated Protective Order and Clawback Agreement may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____


Date: _____  _____
                          Signature